IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30534
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

GEORGE EAMES AND PATSY SMOTHERS EAMES,

                    Defendants-Appellants.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(CA-93-916-A)
_____
November 28, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     The district court entered a judgment that George Eames and
Patsy Smothers Eames were personally liable to the United States
on the portion of their indebtedness to the Small Business
Administration that had not prescribed.  Additionally, the
judgment awarded the Government an <u>in rem</u> judgment for the full
unpaid balance of their indebtedness, since the debt was secured
by a mortgage on property owned by the Eameses.  The Government

_____

     [*] Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

used the proceeds of a foreclosure sale of the property to satisfy the _in rem_ judgment. The Eameses filed a "Motion to Show Cause Why Judgment Should Not Be Cancelled," arguing that the sale proceeds, which totalled more than the personal judgment against them, should have been credited first against their personal liability. The district court denied their motion and the Eameses appeal. We affirm the ruling of the district court.

## I. BACKGROUND

### A. Facts

In 1979, George and Patsy Smothers Eames (the "Eameses"), husband and wife, borrowed $190,400 from the Small Business Administration (the "SBA"). To evidence the indebtedness, they executed and delivered to the SBA a promissory note (the "Note") bearing interest at the rate of three percent (3%) per annum. The Note provided, _inter alia_, that on non-payment of the loan the SBA could sell the Eameses' collateral and apply the proceeds to the payment of the Eameses' debt as the SBA saw fit. In 1982, to secure the indebtedness evidenced by the Note, the Eameses executed a mortgage on a 225-acre parcel of real estate in Concordia Parish, Louisiana (the "Collateral").

The Eameses paid the SBA a total of $111,605 in five payments of $22,321 each between February 4, 1980, and February 2, 1984. Then they stopped making payments. The SBA did not demand payment on the entire balance due until April 1991, at

which time it sought $98,244.25 principal and $21,244.98 interest. In February 1993, the SBA again demanded payment, this time in the amount of $124,098.65.

## B. Procedural History

Seeking payment of the indebtedness secured by the Note, the SBA filed a complaint against the Eameses on May 26, 1993. The Government sought to reduce the full amount of its claim to a personal judgment against the Eameses. The Eameses denied any liability on the Government's claim on the ground that the statute of limitations had run--in other words, the debt had prescribed.[2] In its First Amended Complaint, the Government conceded that a portion of its claim had prescribed and it sought to limit the personal judgment against the Eameses to that portion of the debt that was not barred by prescription. In addition, the Government sought to pursue an <u>in rem</u> action against the Collateral to satisfy its claim for the full amount due on the Note.

---

[2] The federal statute of limitations governing enforcement of the Note is set forth in 28 U.S.C. § 2415(a), which provides in relevant part:

[E]very action for money damages brought by the United States    or an officer or agency thereof which is founded upon any  contract express or implied in law or fact, shall be barred    unless the complaint is filed within six years after the cause     of action accrues . . . .

28 U.S.C. § 2415(a).
The district court found that the operative date for purposes  of computing the prescriptive period was the date that the SBA    filed its complaint, May 26, 1993.

On April 15, 1994, the district court granted summary judgment for the Government. The district court also ruled that the Government's claims for payments originally due before 1988 were barred by the statute of limitations. On April 29, the district court entered a final judgment (the "Judgment") (which is not a model of clarity) holding that the Eameses were liable in personam for $42,709.96 principal, plus interest. The Judgment also held that the Eameses were responsible in rem for the full amount of the Government's claim, $95,271.25 principal, plus interest. Finally, the Judgment directed that the real estate be sold and the proceeds paid to the Government to satisfy the Eameses' debts. The Government sold the real estate for $63,000 in December 1994, applying this amount to the in rem claim. Thereafter, the Government continued to seek payment of the in personam portion of the Judgment. In February 1995, in accordance with FED. R. CIV. P. 60(b)(5),[3] the Eameses filed a pleading styled "Motion to Show Cause Why Judgment Should Not Be Cancelled." Effectively ignoring the in rem portion of the Judgment, the Eameses contended that the seizure and sale of the Collateral had satisfied in full the amount of their personal liability. Following a hearing, and after finding that it was within the Government's discretion to choose how to apply the

_____

[3] The Federal Rules of Civil Procedure provide that a party may move for relief from a final judgment if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b)(5).

4

proceeds of the foreclosure sale, the district court denied the Eameses' motion. Proceeding pro se, the Eameses now appeal.

**II. ANALYSIS** The merits of the Judgment which precipitated the Eameses' request for relief are not before us in this case. We have pointed out that, where no appeal has been taken from the underlying judgment, "it goes without saying that a Rule 60 motion is not a substitute for an appeal." Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994). Moreover, "in the absence of an abuse of discretion, [we] will not review the district court's determination" because motions for relief from a final judgment are within the sound discretion of the district court. United States v. Nolder, 749 F.2d 1128, 1129 (5th Cir. 1984) (internal quotations and ellipses omitted).

As an initial matter, we note that the expiration of the statute of limitations on an action for money damages does not affect the in rem rights or remedies of the Government. Federal law does define the limitation period for a suit brought by the Government for in personam money damages founded on a contract. 28 U.S.C. § 2415. This statute, however, "by its own unambiguous terms, does not apply to mortgage foreclosures." United States v. Ward, 985 F.2d 500, 503 (10th Cir. 1993). Actions brought by the Government "to establish the title to, or right of possession of, real or personal property" are exempt from the limitations period. 28 U.S.C. § 2415(c).

5

Moreover, as a government agency, the SBA is not bound by a state statute of limitations governing actions on mortgages. Magnolia Fed. Bank for Sav. v. United States, 42 F.3d 968, 970 (5th Cir. 1995). Under Louisiana law, a creditor is unable to recover in rem if its in personam claim against the debtor is barred by the statute of limitations. LA. CIV. CODE ANN. art. 3282 (West 1994). We have noted, however, that "every federal appellate court that has addressed whether there is a time bar on federal agencies' pursuit of real property foreclosure actions . . . has concluded that no such bar exists." Farmers Home Admin. v. Muirhead, 42 F.3d 964 (5th Cir.) (holding that Mississippi statute of limitations for collecting on underlying notes did not bar Farmers Home Administration from foreclosing mortgage that secured notes), cert. denied, 116 S. Ct. 50 (1995). Therefore, as distinct from the Government's right to in personam contract damages, the power of sale in rem contained in a mortgage survives regardless of whether the underlying obligation is barred by prescription. United States v. Dos Cabezas Corp., 995 F.2d 1486, 1489-90 (9th Cir. 1993).

Application of the proceeds from the sale of the Collateral was within the sole discretion of the Government. According to the scenario advanced by the Eameses, the Judgment stipulated that any funds raised from the sale of the Collateral must be used to satisfy first the Government's personal claim against

them.[4]  We find, on the contrary, that the SBA was authorized to apply the proceeds as it saw fit, to either the in rem claim or the in personam claim.  SBA regulations provide that property pledged as collateral "may be sold in accordance with the provisions of the related security instrument."  13 CFR § 120.204-2(c).  The regulations, however, do not indicate how the agency must apply the proceeds resulting from a foreclosure and sale.  Absent federal law to the contrary, federal courts generally apply state law to the commercial lending activities of government agencies.  United States v. Irby, 618 F.2d 352, 355 (5th Cir. 1980).  In Louisiana, "generally, a debtor has the right to declare which of several debts his payment is to liquidate. . . .  When a debtor fails to impute payment to a particular debt, the creditor may exercise the right."  Delta Bank & Trust Co. v. Chisholm, 601 So.2d 345, 348 (La. Ct. App.

---

[4] The Judgment is comprised of two major sections--a section dealing with the in personam claim and a section dealing with the in rem claim.  The Judgment reads in pertinent part:

> IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of Plaintiff, the United States of America,  and against the defendants, GEORGE EAMES AND PATSY SMOTHERS  EAMES, jointly, severally, and in solido, for the principal    sum of $42,709.96 and interest . . . ;
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the said hereinabove described property be seized and sold . . . and the amount realized from said sale be credited "pro tanto" upon the amount of the judgment herein . . . .
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of Plaintiff . . . against the defendants    . . . in rem for the full amount of the claim of the United    States of America for the principal sum of $95,271.25, plus    accrued interest . . . ; provided, however, any sum recovered   from Defendants personally shall be applied as a credit in    reduction of this in rem judgment first against accrued    interest and then principal.

7

1992); see LA. CIV. CODE ANN. art. 1864 (West 1987).  In the instant case, the language of the Note is clear.  The Eameses authorized the SBA to sell the Collateral and "[a]fter deducting all expenses incidental to or arising from such sale or sales, the [SBA could] apply the residue of the proceeds thereof to the payment of the [Note], as it shall deem proper."  (emphasis added).

Therefore, we conclude that the district court did not abuse its discretion in denying the Eameses' Rule 60(b) motion. Although the statute of limitations barred the SBA from prevailing against the Eameses personally on the prescribed portion of the underlying debt, it did not bar an in rem action against the Collateral for the full amount of the outstanding indebtedness.  The Judgment made clear that it operated both in rem, for the full amount of the Government's claim, and in personam, for the portion of the claim that had not prescribed. Louisiana law provides that a debtor has the right to specify which of several debts his payment is to liquidate.  In the Note, the Eameses expressly ceded this right to the SBA.  Consequently, the Government could apply the proceeds to the in rem claim and, if necessary, continue to seek payment of the in personam portion of the judgment.

### III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's denial of the motion for relief from judgment.

8